## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO.  5:17-CV-003-DCK

| | | |
|---|---|---|
| **KAREN L. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER** |
| **v.** | ) | |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On

The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 12) and "Defendant's Motion For Summary

Judgment" (Document No. 14).   The parties have consented to Magistrate Judge jurisdiction

pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  After careful consideration

of the written arguments, oral arguments, the administrative record, and applicable authority, the

undersigned will direct that Plaintiff's "Motion For Judgment On The Pleadings …" (Document

No. 12) be underlined(denied);  that "Defendant's Motion For Summary Judgment" (Document No. 14) be

granted;  and that the Commissioner's decision be affirmed.

## I.       BACKGROUND

Plaintiff Karen L. Smith ("Plaintiff"), through counsel, seeks judicial review of an

unfavorable administrative decision on her application for disability benefits.  (Document No. 1).

On March 8, 2013, Plaintiff filed applications for a period of disability and disability insurance

benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental

security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability

to work due to a disabling condition beginning February 17, 2013.  (Transcript of the Record of

Proceedings ("Tr.") 13, 202, 207). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on July 3, 2013, and again after reconsideration on November 12, 2013. (Tr. 12, 120, 126, 132, 138, 142). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. Based on the description of the job performed as a server, we have concluded that you have the functional capacity to meet the functional demands of this type of work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 138).

Plaintiff filed a timely written request for a hearing on November 22, 2013. (Tr. 156). On June 11, 2015, Plaintiff appeared in Charlotte, North Carolina and testified via video conference hearing before Administrative Law Judge Mallette Richey (the "ALJ") in Florence, Alabama. (Tr. 12, 30-62). In addition, Sandra M. Bruff, a vocational expert ("VE"), and David Lund, Plaintiff's attorney, appeared at the hearing.[1] (Tr. 12, 31). On appeal to this Court, Plaintiff has been represented by Maria Concetta Mayo and Kristin Gordon Oakley, both of the Ricci Law Firm.

The ALJ issued an unfavorable decision on August 20, 2015, denying Plaintiff's claim. (Tr. 12-23). On September 29, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on November 21, 2016. (Tr. 1-3, 8). The ALJ decision

---

[1] The ALJ decision suggests that Brian M. Ricci appeared as counsel for Plaintiff; however, other records indicate that it was David Lund who represented Plaintiff at the video hearing. See (Tr. 8, 12, 31, 201, 279-285, 286-292).

became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking reversal or remand of the ALJ's determination was filed in this Court on January 4, 2017. (Document No. 1). On April 10, 2017, the parties filed a "Joint Stipulation Of Consent To Jurisdiction By Magistrate Judge," and this matter was reassigned to the undersigned.

Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 12) and "Memorandum Of Law In Support Of Plaintiff's Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P" (Document No. 13) were filed May 7, 2017; and "Defendant's Motion For Summary Judgment" (Document No. 14) and "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 15) were filed July 12, 2017.[2] Plaintiff declined to file a reply brief, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013) and Local Rule 7.2(e).

On February 7, 2018, the undersigned scheduled this matter for a hearing on March 8, 2018, and directed the parties to make a good faith attempt to resolve or narrow the issues. (Document No. 16). The parties filed a "Joint Notice" (Document No. 18) on February 15, 2018, reporting that their attempt to resolve or narrow the issues had failed. The undersigned conducted the March 8, 2018 hearing.

The pending motions are ripe for disposition.

---

[2] Plaintiff's "Memorandum Of Law…" is not organized as required by Local Rule 7.2 (b).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

# III.    DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between February 17, 2013, and the date of his decision.[3]  (Tr. 12).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

(1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4)    whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and

(5)    whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

_____

[3] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 23).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since February 17, 2013, her alleged disability onset date. (Tr. 14). At the second step, the ALJ found that "ischemic heart disease, hypertensive vascular disease, minor motor seizures, chronic obstructive pulmonary disease (COPD), and anemia" were severe impairments.[4] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform a range of light work activity, with the following limitations:

> occasionally lift 20 pounds and frequently lift 10 pounds. She can stand and/or walk (with normal breaks) for a total of 6 hours in an 8-hour workday, sit (with normal breaks) for a total of 6 hours in an 8-hour workday. She is limited to frequent use of the left upper extremity. She can frequently climb ramps and stairs, never climb ladders/ropes/scaffolds, and frequently stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold and heat, wetness, humidity, and fumes, odors, dusts, gases, and poor ventilation. She should avoid all exposure to hazards such as moving unguarded machinery and unprotected heights.

(Tr. 16). In making her finding, the ALJ specifically stated that "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical

---

[4] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p" were considered.  (Tr. 16-17).

At the fourth step, the ALJ concluded that Plaintiff could perform her past relevant work as a server.  (Tr. 21).  The ALJ stated that "this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity."  Id.

In the alternative, the ALJ further concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that other jobs existed in significant numbers in the national economy that Plaintiff could also perform. (Tr. 22).  Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included small produce assembler, slot attendant, and production assembler.  Id.  Therefore, the ALJ determined that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between February 17, 2013, and the date of the decision, August 20, 2015.  (Tr. 23).

Plaintiff on appeal to this Court alleges that:  (1) the ALJ erred in the RFC determination; and (2) erred by failing to accord appropriate weight to the opinion evidence in the record. (Document No. 13, p.3).  The undersigned will briefly discuss each of these contentions.

A.      RFC

In the first assignment of error, Plaintiff argues that the ALJ failed by finding that Plaintiff had the RFC to perform a reduced range of light work, including her past relevant work. (Document No. 13, pp.7-11).

At the March 8 hearing, this argument was apparently viewed by Plaintiff's counsel as secondary to and dependent on Plaintiff's argument regarding the opinion evidence.  As discussed below, the undersigned finds the ALJ's consideration of the opinion evidence was appropriate and

that the Commissioner should prevail here.  In reaching this decision, the undersigned is satisfied that the RFC is supported by substantial evidence, including the medical records, and that it is consistent with applicable legal standards.  <u>See</u> (Document No. 15, pp.5-10).

## B.    Opinion Evidence

Plaintiff asserts that the ALJ erred by failing to give appropriate weight to the opinion evidence.  (Document No. 13, pp.11-13).  This challenge was appropriately the focus of Plaintiff's counsel at the motions hearing.

Plaintiff primarily argues that the ALJ should have accorded more weight to the opinion of her treating physician, Dr. Jose Prieto.  Plaintiff acknowledges that the ALJ "accorded considerable weight to 'the portion of Dr. Prieto's opinion that is consistent with the above functional capacity' but little weight to the remainder."  (Document No. 13, p.12) (citing Tr. 20).

The full statement by the ALJ on this point provides:

> Dr. Prieto completed a medical assessment on December 3, 2013 indicating the claimant can lift and carry less than 10 pounds, about 5 pounds.  She can walk at least 2 hours total in an 8-hour workday, but no limitation on sitting.  Pushing/pulling is limited of the upper extremities (this is vague and does not describe the nature and degree of limitation), occasionally climb ramps/stairs/ladders /ropes/scaffolds and balance, and frequently kneel, crawl, and stoop, and reach in all directions, including overhead reaching, is limited to occasional.  She has no limitation for handling, fingering, and feeling, but should avoid hazards such as unprotected heights and moving unguarded machinery  Considerable weight is given to the portion of Dr. Prieto's opinion that is consistent with the above residual functional capacity, but little weight is given to lifting/carrying as there is nothing to indicate that she would be limited to lifting/carrying 5 pounds, and Dr. Prieto only indicated pushing and pulling would be "limited," which is vague, and does not describe the nature or degree of the limitation (Exhibit 14F).

Tr. 20). Plaintiff's counsel basically recognizes that the ALJ considered and cited to the treating physician's opinion, but believes the ALJ should have given more weight to other parts of Dr. Prieto's opinion.

In response, Defendant argues that the Court must read the ALJ's decision as a whole, which shows a thorough discussion of all the treatment records. Moreover, the ALJ discussed in some detail the findings of Dr. Powell, Plaintiff's cardiologist, who consistently noted normal examination findings and that Plaintiff's medications were working well.

> **The medical records of the treating cardiologist, Dr. Powell, consistently show normal examinations**. The heart rate and rhythm are normal with no murmur or gallop, good pulses equal in all extremities, no edema, and no jugular venous distention. There is no significant CAD on angiogram and echo ejection fraction at 65% (Exhibits 6F, 13F, 16F, 18F). The most recent examination by Dr. Powell in March 2015 is also normal. Her heart rhythm is stable with ECG showing normal sinus rhythm, blood pressure at 136/85 and pulse 76. He recommended she continue Flecainide, which had worked well to suppress sustained ventricular tachycardia. Edema was minimal and likely due to progressive weight gain over the past year and not due to fluid retention. **Dr. Powell encouraged her to start exercising**. Dr. Powell noted she has had "no sustained palpitations or ICD shocks in the past year" (Exhibit 20F). Dr. Jose Luis Prieto's records also show essentially normal examinations with the last visit on January 15, 2015 (Exhibits 9F, 12F, 17F, 19F). Thus, the undersigned finds the claimant's allegations of continuing to have disabling issues with tachycardia are not supported by the objective medical record.

(Tr. 18) (emphasis added).

Despite Plaintiff's counsel's admirable efforts here, the undersigned finds Defendant's arguments most persuasive. The undersigned finds that the ALJ adequately addressed the opinion evidence of record and explained the reasons for the weight those opinions received. To find for the Plaintiff would essentially require the undersigned to re-weigh the evidence, which this Court is not permitted to do.

## IV.    CONCLUSION

The Court sincerely appreciates the hearing preparation and oral advocacy of counsel for both parties.  The arguments on March 8, 2018, helped narrow the issues and assisted the undersigned's determination.  After reviewing the parties' papers and considering the oral arguments at the motions hearing, the undersigned is persuaded that the ALJ's decision is supported by substantial evidence and applied the correct legal standards.

In short, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971);  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will recommend that the Commissioner's decision be affirmed.

**FOR THE FOREGOING REASONS,** the undersigned orders that:  Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 12) be **DENIED**;  "Defendant's Motion For Summary Judgment" (Document No. 14) be **GRANTED**;  and the Commissioner's determination be **AFFIRMED**.

**IT IS SO ORDERED**.

Signed: March 8, 2018

David C. Keesler
United States Magistrate Judge